ASYMMETRX, INC. and President and Fellows of Harvard College, Petitioners

v.

DAKO DENMARK A/S and Dako North America, Inc., Respondents.

Civil Action No. 09–10396–WGY.

United States District Court, D. Massachusetts.

June 17, 2009.

Steven M. Bauer, Colin G. Cabral, Amy Crafts, Proskauer Rose LLP, Yvonne W. Chan, Daryl L. Wiesen, Goodwin Procter, LLP, Boston, MA, for Petitioners.

Jackson Ho, David A. Simons, K & L Gates LLP, Michael E. Zeliger, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Boston, MA, for Respondents.

## ORDER

YOUNG, District Judge.

On March 13, 2009, AsymmetRx, Inc. ("AsymmetRx") brought this action against Dako Denmark A/S and Dako North America, Inc. (collectively "Dako") for infringement of U.S. Patent Nos. 6,946,256 and 7,030,227, alleging that Dako has infringed its (AsymmetRx's) exclusive licence to sell certain antibodies in the diagnostic market. The patent owner, President and Fellows of Harvard College ("Harvard"), joined in the complaint. Dako promptly answered the complaint on April 29, 2009. On April 23, 2009, AsymmetRx and Harvard moved for a preliminary injunction against Dako. At an oral hearing held on May 13, 2009, this Court in accordance with its practice pursuant to

Federal Rule of Civil Procedure 65(a)(2), combined further hearing on the motion with a trial on the merits and placed the case on its running trial list to commence no earlier than July 6, 2009, without affording AsymmetRx and Harvard any preliminary relief. A final pre-trial conference was scheduled for June 18, 2009 and the parties filed a comprehensive pre-trial memorandum. On May 19, 2009, Dako, relying on a mandatory arbitration provision in its own non-exclusive licensing agreement with Harvard pertaining to the same antibodies, moved to compel arbitration with Harvard and to dismiss or stay AsymmetRx's claims. *See* Dako's Motion to Compel [Doc. No. 35]. The Court heard the parties on June 10, 2009.

Dako argued that the arbitration provision precludes Harvard from proceeding in this Court, and that AsymmetRx cannot proceed alone because Harvard is a necessary party to any infringement action brought by AsymmetRx. *See Abbott Laboratories v. Diamedix Corp.*, 47 F.3d 1128 (Fed.Cir.1995) (holding that an exclusive licensee who does not possess all "substantial" patent rights must join the patent owner). Dako Memorandum [Doc. No. 36] at 8.

AsymmetRx responded that Dako waived its right to arbitrate the dispute with Harvard by failing to plead arbitration or license as affirmative defenses in its answer, by failing to raise arbitration in its opposition to AsymmetRx's motion for a preliminary injunction, and by agreeing to an expedited trial in lieu of a preliminary injunction being entered. *See* AsymmetRx's Supplemental Memorandum [Doc. No. 49] at 1.

■ After carefully considering the factors set forth in *Restoration Preservation*

*Masonry, Inc. v. Grove Europe Ltd.*, 325 F.3d 54, 61 (1st Cir.2003), this Court is not persuaded. *See also Creative Solutions Group, Inc. v. Pentzer Corp.*, 252 F.3d 28, 32–33 (1st Cir.2001). Because Dako has not waived its right to arbitration, its motion to compel arbitration with Harvard and to stay the proceedings with respect to Harvard [Doc. No. 35] is ALLOWED.

■ With respect to AsymmetRx, the Court agrees with Dako that Harvard is a necessary party to this action and therefore ALLOWS Dako's motion to stay AsymmetRx's claim pending arbitration [Doc. No. 35], as this is one of those instances where a party to an arbitration agreement may compel a non-party affiliated with a party to arbitrate. *See, e.g., Sourcing Unlimited, Inc. v. Asimco Int'l, Inc.*, 526 F.3d 38, 47–48 (1st Cir.2008); *JLM Indus., Inc. v. Stolt–Nielsen S.A.*, 387 F.3d 163, 177 (2d Cir.2004). AsymmetRx's request that this Court order the matter arbitrated within thirty days is denied for lack of jurisdiction. Its re-asserted request that this Court grant its motion for a preliminary injunction also is denied, albeit regretfully since this Court, ousted from jurisdiction by the newly asserted claim for arbitration, has never had the chance to consider the merits of that motion.[1] The case will be administratively closed pending resolution of the arbitration. Given the procedural history of this case, it may be reopened upon motion of any party alleging that any other party has interposed any delay or impediment to the prompt resolution of the arbitration proceedings.[2]

SO ORDERED.

----

**1.** In the future, I shall be more careful about forebearing from preliminary relief lest there be arbitration provisions lurking in the underbrush.

**2.** It would be strikingly unprofessional, of

course, for any attorney to seek to delay court proceedings solely for the purpose of postponing the day of judgment and this Court draws no such inference. Dako's insistence on the arbitral forum it negotiated with Harvard is here vindicated.

Still, it is worth noting that the Court was fully prepared to give the parties a prompt trial wherein the merits could be addressed on a full evidentiary record and counsel for all parties appeared fully ready to engage in such trial. Now the parties will be put to the delays inherent in engaging the arbitral process and its concomitant expenses, not to mention the markedly increased transaction costs necessitated by the need to pay for arbitration, all with the very real possibility that the parties will have to return at a later date for the equitable relief that only a court can afford.

It is ironic indeed that the federal policy expressed in Federal Rule of Civil Procedure 1 favoring the "just, speedy, and inexpensive determination of every action" is here further subordinated to that "healthy regard for the federal policy favoring arbitration" that the "[Supreme Court has] said many times that federal law requires." *Arthur Andersen LLP v. Carlisle,* —— U.S. ——, 129 S.Ct. 1896, 1902 n. 5, 173 L.Ed.2d 832 (2009); *see also* Gregory P. Joseph, *Supreme Court on Federal Practice 2009* (2009), available at www.josephnyc.com/articles.